**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KARRA LINDEMANN**
**and**
**JASON LINDEMANN,**

                        Plaintiffs

**vs.**                                **CASE NO. _____**

**USI SOLUTIONS, INC.**
**and MARY WEIL**
**and JOHN DOE,**

                       Defendants.
_____/

**<u>COMPLAINT</u>**
**JURY DEMAND**

**INTRODUCTION**

1.      Plaintiff Karra Lindemann received numerous prerecorded or artificial voice message calls ("robocalls") to her cellular telephone phone by USI attempting to collect a debt allegedly owed by her husband.

2.      Robocalls are the #1 consumer complaint in America today, with more than 1.9 million complaints filed to the Federal Trade Commission in the first five months of 2017 alone.[1]

3.      To protect consumers from the nuisance, invasion of privacy, cost, and inconvenience of autodialed calls and pre-recorded or artificial voice message calls

---

[1] *FTC Escalates the Fight against Illegal Robocalls Using Consumer Complaints to Aid Industry Call-Blocking Solutions*, FEDERAL TRADE COMMISSION (Aug. 1, 2017), https://www.ftc.gov/news-events/press-releases/2017/08/ftc-escalates-fight-against-illegal-robocalls-using-consumer.

("robocalls"), Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), which forbids making non-emergency calls using an automatic telephone dialing system or an artificial or prerecorded voice message to a cellular telephone without the prior express consent of the called party.

4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014).

5.    Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket because new technology has made it cheap and easy.[2]

6.    The persistent nuisance of Defendants' telephone calls constitutes an unlawful invasion of Plaintiff, Karra Lindemann's privacy.

7.    In the course of its collection campaign, USI repeatedly violated multiple provisions of the FDCPA and FCCPA in connection with the collection of a consumer debt from Plaintiffs. Specifically, Defendants lied about their identity and falsely threatened to file a lawsuit if Plaintiffs did not pay the alleged debt.

8.    Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla.

---

[2] *Consumer Information, Robocalls*, FEDERAL TRADE COMMISSION, https://www.consumer.ftc.gov/features/feature-0025-robocalls (last accessed Aug. 16, 2017).

Stat. § 559.55 et seq. ("FCCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 et seq. ("TCPA").

## JURISDICTION AND VENUE

9.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).    See Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiffs reside here and Defendants placed telephone calls into this District.

## PARTIES

10.    Plaintiff, Jason Lindemann ("Mr. Lindemann") is a natural person and a citizen of the State of Florida, residing in Pasco County in the Middle District of Florida.

11.    Mr. Lindemann is a "debtor" or "consumer" as defined by the FDCPA and FCCPA.

12.    Plaintiff, Karra Lindemann ("Ms. Lindemann") is a natural person and a citizen of the State of Florida, residing in Pasco County in the Middle District of Florida. Karra Lindemann is Plaintiffs, Jason Lindemann's wife.

13.    Ms. Lindemann is a "debtor" or "consumer" as defined by the FDCPA and FCCPA.

14.    Defendant, USI Solutions, Inc. ("USI") is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Bristol, Pennsylvania.

15.    USI regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

16.     USI regularly collects or attempts to collect debts for other parties.

17.     USI is a "debt collector" as that term is defined in the FDCPA and FCCPA.

18.     USI was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

19.     Defendant Mary Weil ("WEIL") is a natural person believed to be residing in Pennsylvania. WEIL personally, or through agents, regularly conducts business in the State of Florida including the Middle District of Florida.

20.     According to documents filed with the Florida Department of State, Division of Corporations, WEIL is the President and Director of USI.

21.     WEIL owns, operates and / or manages multiple collection agencies.

22.     Upon information and belief, WEIL controls and directs the collection practices of USI and its employees, including, but not limited to, the placement and content of its telephone messages and whether it's employees tell consumers they will be sued if they do not pay the alleged debt. As a corporate officer that controlled and directed the collection practices alleged here to have violated the FDCPA and FCCPA, WEIL may be held liable for the violations in his individual capacity. See Schmidt v. Synergentic Communications, Inc., 2015 U.S. Dist. LEXIS 6209 (M.D. Fla. Jan. 20, 2015).

23.     Upon information and belief, WEIL established the policies of or carried out the practices of USI regarding the TCPA or authorized those policies and practices complaint of herein.

24. Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

25. Defendant John Doe is the creditor to whom the alleged debt is owed. USI has identified John Doe only as "General Asset Management." There are no companies by that name licensed to collect debts in Florida. Plaintiffs will obtain John Doe's legal name through discovery, and amend their Complaint accordingly.

26. Upon information and belief, John Doe is a debt buyer who authorized USI to collect the alleged debt on its behalf.

27. More specifically, John Doe is engaged in the business of purchasing defaulted consumer debts originally owed to others.

28. John Doe uses the mails and telephone in conducting business.

29. John Doe is a "debt collector" as that term is defined in the FDCPA and FCCPA. See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (holding that debt buyers are undisputedly debt collectors and subject to the FDCPA).

30. By virtue of its status as a debt collector John Doe is vicariously liable to Plaintiffs for USI's violations of the FDCPA and FCCPA. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. Pa. 2000); McCorriston v. L.W.T., Inc., 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); Schutz v. Arrow Fin. Servs., LLC, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

31.     Because John Doe is the creditor on whose behalf USI placed the calls, it is jointly and severally liable to Ms. Lindemann with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCCRUL. 07-232").

32.     Any reference hereinafter to "Defendant" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## FACTUAL ALLEGATIONS

33.     USI sought to collect from Plaintiffs an alleged debt arising from transactions incurred for personal, family, or household purposes, namely a Kay Jewelers account allegedly incurred by Mr. Lindemann (the "alleged debt").

34.     In June 2016, in connection with the collection of the alleged debt, USI began placing daily telephone calls to Ms. Lindemann's cellular telephone number 813-███-2297.

35.     Ms. Lindemann is the regular, customary user and carrier of the cellular telephone number 813-███-2297.

36.     Ms. Lindemann is not a co-signor of the alleged debt.

37.     Ms. Lindemann never consented to receive robocalls to her cellular telephone from USI or Kay Jewelers.

38.     When Ms. Lindemann did not answer USI's telephone calls, USI would leave prerecorded messages on her voicemail.

39.     On June 29, 2016 at 1:47 PM, USI called Ms. Lindemann from telephone number 855-897-4823 and left a prerecorded voicemail message identifying itself as "Oxford Law, LLC."

40.     On July 6, 2016 at 12:25 PM, USI called Ms. Lindemann from telephone number 855-897-4823 and left a prerecorded voicemail message identifying itself as "USI Solutions, Inc."

41.     When Ms. Lindemann spoke to USI's representative "Dennis Cole" and asked about the name discrepancy in the voicemails, he told her that "Oxford Law" was his client and that he was making a decision about a file on his desk with regards to her husband, Plaintiff, Jason Lindemann.

42.     USI also left numerous voicemails messages in which it did not identify itself at all. By way of example, USI left the following prerecorded messages on Ms. Lindemann's cellular telephone on or about the dates stated:

**July 26, 2016 at 8:33 PM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**July 30, 2016 at 10:53 AM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**August 26, 2016 at 11:46 AM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**August 29, 2016 at 4:29 PM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**August 30, 2016 at 7:09 PM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**September 7, 2016 at 5:04 PM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**September 8, 2016 at 10:36 AM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**September 9, 2016 at 11:33 AM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**September 13, 2016 at 5:28 PM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**September 14, 2016 at 3:50 PM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**September 15, 2016 at 10:22 AM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**September 26, 2016 at 5:04 PM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

**October 7, 2016 at 10:33 AM – Prerecorded Message**
Please return our call at 855-897-4823 to speak with a representative.

43.     USI left similar or identical messages on other occasions. (Collectively, "the telephone messages").

44.     Section 1692d(6) of the FDCPA prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.

45.     "Courts have defined 'meaningful disclosure' to include disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business." Dokumaci v. MAF Collection Servs, 2011 U.S. Dist. LEXIS 22390, *8 (M.D. Fla. Mar. 4, 2011); see also Wood v. GC Servs., LP, 2012 U.S. Dist. LEXIS 39724, *6-7 (M.D. Fla. Jan. 26, 2012) (finding violation of section 1692d(6) where debt collector's employee did not state her name or disclose the nature of the debt collector's business in a communication with the consumer); Beeders v. Gulf Coast Collection Bureau, 796 F.

Supp. 2d 1335, 1339 (M.D. Fla. Jan. 12, 2011) (explaining that section 1692d(6) requires debt collectors to explain the nature of their business).

46.     USI failed to inform Plaintiffs in the telephone messages that the communication was from a debt collector and failed to disclose the purpose of the messages and failed to disclose its name.

47.     In enacting the FDCPA, Congress plainly sought to curb harassment or abuse at the hands of debt collectors, elevating this to the status of a legally cognizable injury and identified the private legal right of consumers to be entitled to receive the disclosures that Congress, in its judgment, included in 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11) in communications from debt collectors.

48.     USI's failure to provide disclosures required by the FDCPA deprived Plaintiffs and other consumers of information regarding a private legal right that Congress specifically identified they should have, and created a substantial risk that the consumers would not be able to exercise their rights under the FDCPA.

49.     On September 30, 2016 at approximately 11:45 AM, Ms. Lindemann called USI and spoke to USI's representative "Mathew" who stated that she needed to take care of the alleged debt immediately because there was a limited time before they would sue.

50.     By stating they would sue, USI implied that they were attorneys or associated with attorneys and that they or their client had the legal authority to sue Plaintiffs.

51.     USI is not a law firm, is not associated with attorneys, and neither they nor their client had the legal authority to sue Plaintiffs.

52.     When Ms. Lindemann refused to make a payment and requested more information, Mathew transferred her to USI's representative "Tina."

53.     When Ms. Lindemann told Tina she could not pay the alleged debt, Tina told Ms. Lindemann that she needed to fill out a hardship application.

54.     When Ms. Lindemann refused to pay the alleged debt or fill out the hardship application until she received something in writing, Tina told her that she could only delay the lawsuit until Monday at 3:00 PM.

55.     Based on USI's representations, Ms. Lindemann believed her husband was in legal trouble.

56.     On September 30, 2016, USI emailed Ms. Lindemann the collection letter attached hereto as "Exhibit A."

57.     Exhibit A states, "This office represents "the above named current creditor, GENERAL ASSET MANAGEMENT."

58.     Exhibit A does not mention Oxford Law.

59.     Based upon Exhibit A, Oxford Law is not USI's client.

60.     Upon information and belief, Oxford Law and USI are related entities.

61.     By informing Ms. Lindemann that Oxford Law was its client when she asked about the name discrepancy in the voicemail messages, USI refused to provide adequate identification of itself or the entity it represents in violation of the FDCPA and FCCPA.

62.     As of the date of this Complaint, Plaintiffs have not paid the alleged debt.

63.     As of the date of this Complaint, no lawsuit has been filed against Plaintiffs for collection of the alleged debt.

64.     Any lawsuit related to the alleged debt would have to be brought by the current owner of the alleged debt.

65.     According to USI the current owner of the debt is "General Asset Management." There is no "General Asset Management" registered as a consumer collection agency with the Florida Office of Financial Regulation.

66.     General Asset Management could not legally sue Plaintiffs to collect the debt without first registering with the Florida Office of Financial Regulation.   See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1197-1198 (11th Cir. Fla. 2010).

67.     Neither General Asset Management nor USI have ever sued anyone in Pasco County, Florida.

68.     Upon information and belief, USI nor General Asset Management ever intended to sue Plaintiffs.

69.     Upon information and belief, USI knew that neither USI nor General Asset Management had the legal right to sue Plaintiffs.

70.     USI used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Ms. Lindemann's cellular telephone within four years of this Complaint.

71.     None of USI's telephone calls placed to Ms. Lindemann were for "emergency purposes" as specified in 47 U.S.C.  § 227 (b)(1)(A).

72.     USI initiated each of the calls at issue to Ms. Lindemann's aforementioned telephone without the "prior express consent" of Ms. Lindemann as specified by 47 U.S.C. § 227(b)(1)(A).

73.     USI's actions were willful.

## COUNT I
### HARASSMENT AND ABUSE
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d

74.     Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

75.     Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of suit; and

   c.   Such other or further relief as the Court deems proper.

## COUNT II
### TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)

76.     Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

77.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C § 1692d(5).  *See* Sanchez v. Client Servs., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

      a.  Damages;

      b.  Attorney's fees, litigation expenses and costs of suit; and

      c.  Such other or further relief as the Court deems proper.

**COUNT III**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)**

78.     Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

79.     Defendant placed telephone calls to Plaintiffs without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C §1692d(6).  *See* Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant for:

      a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE OR MISLEADING REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

80.     Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

81.     Defendant used false, deceptive, or misleading representation or means in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692e.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT V
## FALSE REPRESENTATION OF DEBT
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

82.     Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

83.     Defendant falsely represented the character or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

**WHEREFORE**, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant for:

a.  Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

<strong><u>COUNT VI</u><br>FALSE REPRESENTATION OF SERVICES RENDERED<br>IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(B)</strong>

84.    Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

85.    Defendant falsely represented the services rendered by the Defendant in connection with the collection of the debt in violation of 15 U.S.C. §1692e(2)(B).

**WHEREFORE**, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

<strong><u>COUNT VII</u><br>THREAT TO TAKE ACTION THAT CANNOT BE TAKEN LEGALLY<br>IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)</strong>

86.    Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

87.    Defendant threatened to take an action that it could not legally take in violation of 15 U.S.C. §1692e(5).  *See* <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185 (11th Cir. Fla. 2010).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VIII
### THREAT TO TAKE ACTION NOT INTENDED TO BE TAKEN IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

88.    Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

89.    Defendant threatened to take an action that it did not intend to take in violation of 15 U.S.C. §1692e(5).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IX
### FALSE REPRESENTATIONS OR DECEPTIVE MEANS IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

90.    Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

91.    Defendant used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT X**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**
**IN VIOLATION OF 15 U.S.C. § 1692e(11)**

92.    Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

93.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT XI**
**HARASSMENT AND ABUSE**
**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**

94.    Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

95.     Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor or a member of the debtor's family in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT XII
### WILLFUL TELEPHONIC HARASSMENT AND ABUSE BY FREQUENT CALLING IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

96.     Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

97.     Defendant willfully communicated with Plaintiffs with such frequency as can be reasonably expected to harass Plaintiffs in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT XIII
### ASSERTION OF LEGAL RIGHT KNOWN NOT TO EXIST IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

98.     Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

99.     Defendant asserted the existence of a legal right when Defendant knew the right did not exist in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

<u>**COUNT XIV**</u>
**FALSE IMPRESSION OF ASSOCIATION WITH ATTORNEY**
**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(12)**

100.    Plaintiffs incorporates Paragraphs 1 through 73 above as if fully set forth herein.

101.    Defendant orally communicated with Plaintiffs in such a manner as to give the false impression or appearance that such person is or is associated with an attorney in violation of Fla. Stat. § 559.72(12).

**WHEREFORE**, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

## COUNT XV
## REFUSAL TO ADEQUATELY IDENTIFY
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(15)

102.     Plaintiffs incorporate Paragraphs 1 through 73 above as if fully set forth herein.

103.     Defendant refused to provide adequate identification of herself or his employer when requested to do so by the debtor from whom she was attempting to collect a consumer debt in violation of Fla. Stat. § 559.72(15).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

## COUNT XVI – KARRA LINDEMANN
## AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR
## TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

104.     Plaintiff, KARRA LINDEMANN, incorporates Paragraphs 1 through 73 above as if fully set forth herein.

105.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, KARRA LINDEMANN, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.   Damages;

b.  A declaration that Defendant's debt collection practices violate the TCPA;

c.  A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

/s/ James S. Giardina
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiffs*